UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AARON LAMONT JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No: 2:14-cv-01513-CLS-JEO |
| ) | |
| CHERYL PRICE, Warden, and the ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF ALABAMA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Petitioner, Aaron Lamont Johnson, an Alabama state prisoner acting *pro se*, filed this action in the United States District Court for the Middle District of Alabama, seeking a writ of *habeas corpus* pursuant to 28 U.S.C. §§ 2241 and 2254.[1] Johnson challenges his 1998 state-court conviction for murder made capital because the victim was shot while in a vehicle, in violation of Alabama Code § 13A-5-40(a)(17). The action was transferred to this court on August 4, 2014, because Johnson is confined at the Donaldson Correctional Facility in Bessemer, Alabama.[2]

In his original and amended *habeas* petitions, Johnson claims that the Alabama Board of Pardons and Paroles ("Board") violated his constitutional rights by refusing

---

[1] Doc. no. 1-1.

[2] *See* doc. no. 1-9.

to consider and grant his application for a pardon based on innocence.³ The magistrate judge to whom the case was referred for preliminary review entered a report and recommendation, *see* 28 U.S.C. § 636(b), Fed. R. Civ. P. 72(b)(1), concluding that Johnson's petition is due to be denied because the relief he seeks, an order requiring the Board to consider his petition, is available, if at all, only under 42 U.S.C. § 1983, not in *habeas corpus*.⁴ Johnson has now filed an objection to the report and recommendation.⁵

## I.

Johnson first argues that the magistrate judge's findings and recommendation are in error because his due process rights were violated by the Board's refusal to consider the merits of his claim for a pardon based on innocence. However, as the magistrate judge explained, even assuming for the sake of argument that the Board's failure to hear Johnson's claim for a pardon violated his due process rights, that would not impugn the validity of Johnson's conviction or sentence, as is required to grant *habeas* relief. *See Valle v. Secretary, Florida Department of Corrections*, 654 F.3d 1266, 1267 (11th Cir. 2011) ("Petitions under § 2254 cannot be brought to challenge the process by which clemency decisions are made when issuance of the

---

³ Doc. nos. 1-1, 1-5.
⁴ Doc. no. 15.
⁵ Doc. no. 16.

2

writ would not actually or impliedly invalidate a sentence."); *see also Alston v. Department of Corrections, Florida*, 610 F.3d 1318, 1325-26 (11th Cir. 2010) ("'[A]n alleged defect in a collateral proceeding does not state a basis for *habeas* relief" because "a challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment — *i.e.*, the conviction itself — and thus habeas relief is not an appropriate remedy.") (alteration supplied, internal quotation marks omitted). Thus, to the extent that Johnson is seeking an order that the Board's refusal to consider his pardon application violates the Fourteenth Amendment and compelling the Board to act on his application, any such remedy is only available, if at all, in an action under § 1983. *See Valle,* 654 F.3d at 1267. Accordingly, that claim is due to be dismissed without prejudice, thereby affording Johnson an opportunity to assert it in a § 1983 action, should he choose to do so.

Johnson argues that this result is inconsistent with the Supreme Court's decision in *Connecticut Board of Pardons v. Dumschat*, 452 U.S. 458 (1981), which, he asserts, held that "a prisoner has a . . . right under the [D]ue [P]rocess [C]lause of the 14th Amendment to be considered for a pardon."[6] The point of *Dumschat* actually was finer than that. The Supreme Court held that, because the statutory power vested in the Connecticut Board of Pardons to commute sentences conferred no due process

---

[6] Doc. no. 1-5, at 11 (alterations supplied).

rights *beyond the right to seek commutation*, that body was not required to provide any reasons for denying a prisoner's application to commute a sentence. *Dumschat*, 542 U.S. at 467. But even if *Dumschat* could be construed as more broadly conferring a general due process right to be considered for a pardon, the vehicle it proscribed for enforcing that right was a civil rights action pursuant to 42 U.S.C. § 1983, not a petition for *habeas corpus*. *See id.* at 461. Accordingly, *Dumschat* does not support Johnson's claim.

Johnson also contends that all that matters is the "substance" of his constitutional due process claims, not whether he has used the correct remedial "vehicle," *i.e.*, *habeas* versus § 1983, to assert those claims before the federal courts.[7] It generally is improper, however, for a court to recharacterize a prisoner's *habeas* petition as a § 1983 complaint without the prisoner's consent because of certain differences between the two types of actions. *See Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011); *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005). For example, conversion to a § 1983 action would alter both the amount of, and Johnson's liability for, the filing fee. If this action continues as one for a writ of *habeas corpus*, the filing fee is only $5.00. 28 U.S.C. § 1914(a). Johnson already has paid that

---

[7] Doc. no. 16, at ¶ 3.

4

nominal sum.[8] If the action were converted to a § 1983 action, however, the filing fee increases to $400.00, *see* 28 U.S.C. § 1914(a); Deficit Reduction Act of 2005, Pub. L. No. 109-171, and the court's authority to waive prepayment of the filing fee is circumscribed by 28 U.S.C. §§ 1915(a)(2), (b)(1), which codify portions of the Prison Litigation Reform Act. *See Wilson v. Sargent*, 313 F.3d 1315, 1318-19 (11th Cir. 2002). Even when such a prepayment waiver is granted in a § 1983 case, the prisoner remains liable for the full amount of the filing fee, subject to collection through monthly withdrawals from future deposits to his facility's trust account. *See* 28 U.S.C. § 1915(b)(2); *Wilson*, 313 F.3d at 1318-19; *Hubbard v. Haley*, 262 F.3d 1194, 1195-96 (11th Cir. 2001). Moreover, if the claims are treated as having been brought pursuant to § 1983, and they later are dismissed as "frivolous, malicious, or [for] fail[ure] to state a claim upon which relief may be granted," the dismissal would count as a "strike" that could potentially restrict Johnson's ability to bring § 1983 actions in the future. *See* 28 U.S.C. § 1915(g) (alterations supplied).

Even setting aside the issue of the prisoner's consent, a *habeas* action generally should not be converted if the respondents named in the *habeas* petition are not proper defendants under § 1983. *See Glaus*, 408 F.3d at 388-89. The proper respondent in a *habeas* action challenging the prisoner's present physical

---

[8] Doc. no. 1-6.

confinement is the warden or a similar official who has authority over the facility in which the petitioner is detained. *See* 28 U.S.C. §§ 2242, 2243; Rule 2(a), RULES GOVERNING § 2254 HABEAS CASES; *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). By contrast, the proper defendants in a § 1983 action are those persons or entities who actually caused, or who would be directly responsible for remedying, a constitutional violation. *See Glaus*, 408 F.3d at 388-89; *Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997); *cf. Prather v. Norman*, 901 F.2d 915, 918 n. 4 (11th Cir. 1990) ("[T]he individuals from whom the inmate is seeking damages [under § 1983] may not be the proper defendants in a habeas action, and the allegations being raised by the inmate may not be cognizable in federal habeas corpus.") (alterations supplied, citations omitted). That difference is significant here because Johnson named as respondents only the warden of his prison and the Alabama Attorney General. He has not alleged that either of those individuals played any role whatsoever in the alleged violation of his constitutional rights stemming from the refusal by the Board of Pardons and Paroles to consider his pardon application. Because Johnson's petition does not name the correct defendants, it would not be appropriate to convert it to a civil rights action. *See Glaus*, 408 F.3d at 388-89; *Akinruntan v. Holder*, No. 4:13-cv-0010-JHH-JEO, 2013 WL 5999982, *7 n. 7 (N.D. Ala. Sept. 30, 2013), *report and recommendation adopted*, 2013 WL 5999765 (N.D.

Ala. Nov. 12, 2013). That is particularly true because dismissal of Johnson's *habeas* claim without prejudice would not preclude him from refiling a new § 1983 action against the proper defendants in the proper venue, should he choose to do so. *See Hadley v. Holmes*, 341 F.3d 661, 665 (7th Cir. 2003); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Cohen v. Lappin*, 402 F. App'x 674, 676 (3d Cir. 2010); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989).

## II.

Johnson also claims in his amended *habeas* application that he has a due process right to have the Board not only "consider," but also affirmatively "grant," his pardon application because he is actually innocent.[9] The magistrate judge's report and recommendation does not expressly address that claim. The court agrees that a prisoner's claim that he is constitutionally entitled to a pardon implicates a right to immediate or speedier release, so it is properly brought in a *habeas* action. Even so, Johnson's claim clearly is without merit. Under Alabama law, the decision whether to grant a pardon based on innocence is discretionary with the Board under state law, subject to restrictions imposed by the legislature. *See* Ala. Code § 15-22-36;[10]

---

[9] *See* doc. no. 1-5, at ¶¶ 5, 6(c), 10(c), 12(g), 13, 15.

[10] ALA. CODE § 15-22-36 provides in relevant part as follows:

>    (a) In all cases, except treason and impeachment and cases in which sentence of death is imposed and not commuted, as is provided by law, the Board of Pardons and Paroles shall have the authority and power, after conviction and not otherwise,

*Sullivan v. Smith*, 925 So. 2d 972, 975 (Ala. Civ. App. 2005); *cf. Malloy v. Barfoot*, 608 So. 2d 402, 403 (Ala. Crim. App. 1992) (prisoner failed to state a cognizable claim against the Board based on its dismissal of his application for a pardon based on innocence where he failed to allege that he had furnished the Board with written approval from the district attorney or trial judge in his case, as specified by § 15-22-36(c)). As a result, Johnson has no constitutionally protected interest in receiving a pardon. *See Valle*, 654 F.3d at 1268; *Cunningham v. District Attorney's Office for Escambia County*, 592 F.3d 1237, 1272 (11th Cir. 2010) (recognizing in a case involving an Alabama state prisoner that there is "no constitutional right to state clemency proceedings"); *see also District Attorney's Office for Third Judicial District v. Osborne*, 557 U.S. 52, 67-68 (2009) (citing *Dumschat*, 452 U.S. at 464) ("[N]oncapital defendants do not have a liberty interest in traditional state executive clemency, to which no particular claimant is *entitled* as a matter of state law") (alteration supplied, emphasis in *Osborne*)); *cf. Thomas v. Sellers*, 691 F.2d 487, 489

---

to grant pardons and paroles and to remit fines and forfeitures.

. . . .

(c) ... [A] pardon based on innocence may be granted upon the unanimous affirmative vote of the board following receipt and filing of clear proof of his or her innocence of the crime for which he or she was convicted and the written approval of the judge who tried his or her case or district attorney or with the written approval of a circuit judge in the circuit where he or she was convicted if the judge who tried his or her case is dead or no longer serving. [alteration and ellipses supplied]

(11th Cir. 1982) (holding that because the Alabama parole statutes call for discretionary, rather than mandatory action, they do not create a liberty interest in the grant of parole). This claim is due to be denied.

### III.

Johnson has also raised in his objection what appear to be several additional federal due process claims that were not included within either his original or amended *habeas* petitions. First, Johnson contends that he is entitled to *habeas* relief because, after he was convicted, the Alabama Supreme Court handed down *Ex parte Catlin*, 72 So. 3d 606 (Ala. 2011), an opinion that, according to Johnson, "clarified" that the statute under which he says he was convicted only applies to homicides that are "gang related," and that no such evidence was presented in his case.[11]  In support, he cites *Bunkley v. Florida*, 538 U.S. 835 (2003), and *Fiore v. White*, 531 U.S. 225 (2001), both of which recognize that a conviction violates due process if the state supreme court subsequently clarifies the correct interpretation of the relevant criminal statute at the time of conviction, and the defendant's conduct would not have been prohibited under the clarified interpretation.[12]

Relatedly, Johnson claims that he is entitled to *habeas* relief under *Schlup v.*

---

[11] Doc. no. 16, at ¶ 2.

[12] *See id.* at ¶¶ 2, 3, 5, 7, 8. Johnson first alluded to this claim in his traverse to the State's answer, in which he asserted in opposition to the State's want-of-exhaustion defense that the alleged change in Alabama substantive law demonstrates he is actually innocent. Doc. no. 9, at ¶¶ 11-12.

*Delo*, 513 U.S. 298 (1995), because he can show that he is factually innocent based on the testimony of several witnesses who did not testify at trial.[13] In support of that assertion, Johnson writes the following:

> Aaron Johnson is actually innocent of the capital offense he was convicted for under section §13A-5-40(a)(17), Alabama [C]ode 1975. . . . Several eye witnesses testified at three (3) of his mistrials that he did not shoot and kill the victim. And that Cedric Johnson (no relation) shot and killed the victim trying to shoot Aaron. . . . In January[] 1999, after Aaron had been convicted[,] eye witness Napoleon Henderson came forth and testified at the motion for new trial hearing Aaron Johnson did not shoot and kill the victim. The victim was shot by someone (Cedric Johnson) inside the vehicle with him. . . . In December[] 2004, a new eye witness Franklin Cunningham came forth and gave a[n] affidavit attesting, [*sic*] he did not see Aaron Johnson shoot the victim. And that the shooting happen[ed] in the vehicle the victim was in. . . . In May[] 2005 forensic expert Doctor Daniel Spitz after reviewing the evidence in the case gave an expert opinion stating, [*sic*] there is a reasonable probability that Aaron Johnson did not shoot the victim and it [is] most likely that the victim was shot from inside the vehicle by Cedric Johnson.

Doc. no. 16, at ¶ 4 (alterations supplied, ellipses in original).

As discussed in the magistrate judge's report and recommendation, however, Johnson filed a § 2254 *habeas* petition in 2003 challenging the conviction at issue. This court denied that application as time barred under 28 U.S.C. § 2244(d)(1), and that judgment was affirmed by the Eleventh Circuit Court of Appeals in 2005. Once a prisoner's § 2254 *habeas* application has been denied on the merits, he must obtain

---

[13] *See* doc. no. 16, at ¶¶ 3, 4, 7.

an authorizing order from the appropriate Court of Appeals before filing a subsequent § 2254 application regarding the same conviction. 28 U.S.C. § 2244(b); Rule 9, RULES GOVERNING § 2254 HABEAS CASES. That requirement is jurisdictional. *See Burton v. Stewart*, 549 U.S. 147, 152-53 (2007).

To the extent that Johnson seeks *habeas* relief based on a change in Alabama substantive law since his first *habeas* filing, that is a successive § 2254 application that cannot be heard by this court without an authorizing order from the Court of Appeals. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (holding that a *habeas* petitioner's filing that seeks vindication of a claim based on "a subsequent change in substantive law" is "in substance a successive habeas petition and should be treated accordingly"); *Gilbert v. United States*, 640 F.3d 1293, 1295 (11th Cir. 2011) (*en banc*) (holding that a petitioner who claimed his career offender enhancement was invalid in light of subsequently decided authority could not raise the issue in a second § 2255 motion filed with the district court[14]); *United States v. Weston*, Nos. 4:96CR52-RH/WCS, 4:06CV17-RH/WCS, 4:06-CV-28-RH/WCS, 2006 WL 1529563, at *2 (N.D. Fla. June 5, 2006) (holding that defendants were required to obtain an authorizing order before presenting § 2255 claims challenging sentences

---

[14]Although *Gilbert* concerned a successive motion to vacate a federal sentence under 28 U.S.C. § 2255, its ruling is equally applicable to a § 2254 claim, because the AEDPA restrictions on second or successive filings are materially identical for both § 2255 motions by federal prisoners and § 2254 *habeas* petitions by state prisoners. *See Gilbert*, 640 F.3d at 1317.

based on subsequent decisions in *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 200 (2005)); *Sheppard v. Warden, Lebanon Correctional Institute*, No. 1:08-cv-00298, 2014 WL 6606129, at *2 (S.D. Ohio Nov. 20, 2014) (holding that new *habeas* claims based on *Fiore* and *Bunkley* were successive and required an authorizing order); *cf. Johnson v. Wynder*, 408 F. App'x 616, 619 (3d Cir. 2010) (granting an authorizing order under § 2244(b) based on state prisoner's *Fiore* claim that appeared meritorious).

It is clear that Johnson has not obtained an authorizing order from the Court of Appeals. Accordingly, his claim of innocence based on a purported change in substantive law is due to be dismissed without prejudice for lack of jurisdiction.[15]

---

[15] To the extent that jurisdiction might exist to consider Johnson's claim that he is actually innocent based on the theory that *Ex parte Catlin* or any other Alabama state decision since he filed his first § 2254 petition has clarified that Alabama Code § 13A-5-40(a)(17) applies only to "gang related" homicides, the claim is patently without merit. *Ex parte Catlin* was simply a denial of *certiorari* review without opinion by the Alabama Supreme Court. *See Ex parte Catlin*, 72 So. 3d 606, 607 (Ala. 2011). That order did not stand for any particular legal principle that would support Johnson's claim. *See Jakes v. State*, 398 So. 2d 348, 349 (Ala. 1981) ("Our denial of this writ of certiorari should not be taken as implicit approval of the Court of Criminal Appeals' resolution . . . of the issues presented."); *Yelton v. State*, 321 So. 2d 237, 237 (Ala. 1975) ("The denial of writ in this case shall not be construed to mean that this court approves or disapproves all of the statements contained in the opinion of the Court of Criminal Appeals."). Johnson emphasizes that the Alabama legislature passed a joint resolution in 2006, opining that Ala. Code § 13A-5-40(a)(18), which addresses homicides during which a deadly weapon is fired from within a vehicle, was intended to apply only in cases in which "the motor vehicle was an instrumentality or otherwise involved in the shooting or that the shooting was gang-related." Ala. Act No. 2006–642 (H.J.R. 575). However, that resolution cannot aid Johnson both because: (1) the joint resolution does not have the force of law; and (2) the subject of the resolution is § 13A-5-40(a)(18), while Johnson was convicted under § 13A-5-40(a)(17), which addresses a murder where the victim is killed inside a vehicle. *See Wilkerson v. Hetzell*, No. 2:10-cv-02169-WMA-JEO, 2014 WL 4926160, at *3 (N.D. Ala. Sept. 30, 2014); *see also Morris v. Hetzel*, No. 3:12-cv-275-WHA, 2015 WL 590213, at *3 n. 3 (M.D. Ala. Feb. 11,

The same is true with regard to any due process claim founded upon the idea that newly discovered evidence demonstrates that he is actually innocent. *See Jeremiah v. Terry*, 322 F. App'x 842, 845 (11th Cir. 2009).

## IV.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's report and recommendation and Johnson's objection thereto, the court is of the opinion that the magistrate judge's findings are due to be and are hereby **ADOPTED,** and his recommendations, as modified by this Opinion, are due to be **ACCEPTED**. Johnson's objections are **OVERRULED**. As a result, Johnson's *habeas* claim seeking an order requiring the Board to "consider" his application for a pardon is due to be **DISMISSED WITHOUT PREJUDICE**; his related claim asserting that he is entitled to a pardon itself is due to be **DENIED WITH PREJUDICE**; and his claims seeking *habeas* relief based on allegations that he is actually innocent, regardless of whether those claims are based upon a change in Alabama law or on newly discovered evidence, are due to be **DISMISSED**

---

2015); *Fondren v. Allen*, No. 1:08-CV-2089-SLB-RRA, 2012 WL 3627759, at *2 n. 2 (N.D. Ala. Aug. 20, 2012), *rev'd in part on other grounds sub nom. Fondren v. Commissioner, Ala. DOC*, 568 F. App'x 680 (11th Cir. 2014); *Ex parte Catlin*, 72 So. 3d at 607-08 (Cobb, C.J., concurring specially). Johnson's reliance on an unpublished order from *In re Corwin Russell*, No. 10-14551-F (11th Cir. Oct. 20, 2010) (Doc. 9 at 32-34), is likewise misplaced. *See* doc. 16, at ¶ 5. The Eleventh Circuit there merely denied an Alabama prisoner's application for an authorizing order under § 2244(b) based on an argument similar to the one Johnson raises here.

**WITHOUT PREJUDICE** for want of jurisdiction. Further, to the extent that Johnson's petition is subject to a requirement that he obtain a certificate of appealability ("COA") in order to perfect an appeal, the court concludes that the petition does not present issues that are reasonably debatable among reasonable jurists, so a certificate of appealability also is due to be **DENIED**. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), RULES GOVERNING § 2254 PROCEEDINGS; *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) (where a district court lacks subject matter jurisdiction to hear a claim that is in substance a second or successive § 2254 application, the court lacks jurisdiction to grant a COA). A separate Final Judgment will be entered.

DONE this 19th day of May, 2016.

/s/ Lynwood Smith
United States District Judge